**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**MARK C. HARPER**
        **Plaintiff,**

      **v.**                      **CIVIL ACTION NO. 17-10252-NMG**

**MASSACHUSETTS STATE POLICE**
**ORGANIZATION and MASSACHUSETTS**
**STATE POLICE OFFICER BOOTH,**
        **Defendants.**

**MEMORANDUM AND ORDER**

**GORTON, D. J.**

    For the reasons stated below, the Court will: (1) allow the motion to proceed in forma pauperis, (2) dismiss without prejudice the claims against the Massachusetts State Police, and (3) issue summonses as to the remaining defendant.

**I.**      **Background**

    On February 21, 2017, pro se plaintiff Mark Harper filed a self-prepared complaint against the Massachusetts State Police and Massachusetts State Police Officer Booth for purported violations of his civil rights and brings this actions ostensibly pursuant to 42 U.S.C. § 1983. ECF No. 1. In addition to his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. ECF No. 2.

**II.**      **Discussion**

    **A.**      **Plaintiff's Motion to Proceed In Forma Pauperis is Granted.**

    Plaintiff's motion for leave to proceed in forma pauperis will be ALLOWED. Because the plaintiff is proceeding in forma pauperis, the action is subject to screening and the court may dismiss a claim sua sponte if, among other things, it fails to state a claim upon which relief may

be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2)(B).

**B.**     **Plaintiff's Claims against the Massachusetts State Police are Dismissed.**

The Massachusetts State Police is not an entity subject to suit for purposes of an action brought under 42 U.S.C. §1983 and is immune from suit in federal court under the Eleventh Amendment to the United States Constitution for any potential state tort claim for monetary damages. Wil v. Michigan Dept. of State Police, 491 U.S. 58, 65-67 (1989); Patino v. City of Revere, No. CIV.13-11114-FDS, 2014 WL 202760, at *6 (D. Mass. Jan. 16, 2014). Accordingly, plaintiff's claims against the Massachusetts State Police, will be DISMISSED without prejudice.

**C.**     **Summons shall issue against the remaining Defendant.**

The Clerk shall issue a summonses for service of the complaint on defendant Booth. The Clerk shall send the summons, complaint, and this Order to the plaintiff, who must thereafter serve the defendant Booth in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshals Service shall serve the summons, complaint, and this Order upon the defendant Booth, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains plaintiff's responsibility to provide the United States Marshal Service with all necessary paperwork and service information. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**III.**     **Conclusion**

For the foregoing reasons,

1.      The motion to proceed *in forma pauperis* is ALLOWED.

2.      Defendant Massachusetts State Police is <u>DISMISSED</u> without prejudice from this action.

3.      Summons shall issue as to defendant Booth and the plaintiff shall serve said defendant in accordance with part II(C), <u>supra</u>.

4.      Failure to comply with this Order will likely result in dismissal of this action.

**So Ordered.**

<u>/s/ Nathaniel M Gorton</u>
Nathaniel M. Gorton
Dated:  March 27, 2017                         United States District Judge