**United States District Court**
**District of Massachusetts**

```
                             )
Mark Harper,                 )
                             )
          Plaintiff,         )
                             )
     v.                      )
                             )        Civil Action No.
Christopher Booth,           )        17-cv-10252-NMG
                             )
          Defendant.         )
                             )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This suit arises out of claim that a police officer violated plaintiff's constitutional rights by unlawfully stopping the driver and towing his car, all while plaintiff was suffering from a serious medical condition.

## I.  Background

Mark Harper ("Harper" or "plaintiff"), who is African American, was driving in Attleboro, Massachusetts when he was pulled over by Officer Christopher Booth ("Booth" or "defendant").  Booth, who was driving a marked police car, had conducted a random query of plaintiff's license plate which reported that the vehicle's license plate was cancelled and last registered to a different vehicle.  The attached license plate was also issued to a person with a suspended license.

- 1 -

During the stop, Booth notified plaintiff that the
vehicle's license plate was cancelled and registered to another
vehicle, which plaintiff did not dispute.  Plaintiff did,
however, have a valid license at that time.  Following this
colloquy, Booth ordered Harper out of the vehicle and informed
him that he would be towing it.  At some point during this
interaction, Harper allegedly told Booth that he was on the way
to the hospital because he was having a heart attack.  Although
it is unclear if Booth indicated that he or the tow truck driver
would transport plaintiff to the hospital, the tow truck driver,
who eventually towed the vehicle, dropped Harper off at a nearby
gas station.  From there, plaintiff called 911 and an ambulance
transported him to an emergency medical center.

Subsequently, plaintiff filed suit, pursuant to 42 U.S.C. §
1983, alleging that Officer Booth committed constitutional
violations by interfering with his right to travel, racially
profiling him and denying him of his property and medical care.
The defendant has filed a motion for summary judgment in
response to which plaintiff has filed a hand-written opposition
pro se.  A hearing on the motion for summary judgment was held
on April 22, 2019.

## II.  **Legal Analysis**

### A. Legal Standard

The role of summary judgment is to assess the proof in order to see whether there is a genuine need for trial. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party". Id.

If the moving party has satisfied its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the nonmoving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the nonmoving party's favor, the Court determines that no genuine

issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Defendant's Motion for Summary Judgment

#### 1. Freedom to Travel

Plaintiff argues that the vehicle stop violated his fundamental right to travel, which defendant does not address. The constitutional right to travel refers to interstate travel, as opposed to intrastate travel, and thus is not applicable here.  Nevertheless, the Court will briefly address the issue.

The "right to travel" under federal law protects the right of 1) a citizen of one State to enter and to leave another State, 2) a citizen to be treated as a welcome visitor when temporarily present in the second State and 3) permanent residents to be treated like other citizens of that State. Saenz v. Roe, 526 U.S. 489, 500 (1999).  The fundamental right to travel is not, however, an absolute privilege and citizens are, in any event, required to comply with federal and state laws. Thus, plaintiff cannot claim that his right to travel was violated because 1) he was traveling within the state and 2) that right does not preclude him from being stopped by a police officer for cause.  The Court now turns to plaintiff's argument that he was unlawfully stopped.

### 2. Equal Protection

Plaintiff argues that there were other Caucasian drivers who were speeding excessively but that Booth pulled him over because he was African American.

Under the Equal Protection Clause of the Fourteenth Amendment, persons similarly situated must be accorded similar governmental treatment. Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007) (internal citations omitted).  Absent direct evidence of discriminatory motive, plaintiff must, in the face of a facially neutral decision, establish both disproportionate impact and purposeful discrimination. Hayden v. Grayson, 134 F.3d 449, 453 (1st Cir. 1998).  "Purposeful discrimination" implies that the decisionmaker

> selected or reaffirmed a course of action at least in part "because of" not merely "in spite of" its adverse effects upon an identifiable group".

Id. (internal citations and quotations omitted).

Viewing the record in favor of the nonmoving party, this Court presumes disparate impact, based on the allegation that Booth pulled over Harper while there were other drivers, of a different race, who were committing traffic-related offenses. Plaintiff has provided no evidence, however, that Booth had the requisite discriminatory purpose for pulling him over.  In fact, defendant has proffered evidence that he stopped Harper because Harper was driving a vehicle with an expired license plate that

was registered to another vehicle.  Thus, there is no evidence
that Harper was stopped "because of" his race.  Accordingly, as
a matter of law, Booth is entitled to summary judgment with
respect to plaintiff's claim that he was racially profiled in
violation of the Equal Protection Clause.

### 3. Procedural Due Process (Property)

Construing plaintiff's complaint liberally, the Court
concludes that he has sufficiently alleged a procedural due
process violation with respect to the towing of his vehicle.
Booth does not address that argument but generally rejoins that
plaintiff was driving an unregistered and unlicensed vehicle (in
violation of M.G.L. c. 90, §§ 9, 23 and 34J) that could not
lawfully be operated on the roadways of the Commonwealth.  At
oral argument, defense counsel represented that Booth issued
Harper a ticket, although the timing of when that ticket was
issued remains in dispute.

The First Circuit Court of Appeals has not addressed
potential Due Process violations in the car-towing context and
defendant does not cite any Massachusetts statute or caselaw
that authorizes an officer to have a vehicle towed or impounded
without issuing the requisite ticket.  Several courts have,
however, held that

> when a car is towed or impounded, some form of fair and
> impartial hearing at which an owner is provided an
> opportunity to challenge the lawfulness of removing his car

and assessing charges against him must be provided within a reasonable time period.

Breath v. Cronvich, 729 F.2d 1006, 1011 (5th Cir. 1984); see also Huemmer v. Mayor & City Council of Ocean City, 632 F.2d 371, 372 (4th Cir. 1980); Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1343-44 (9th Cir. 1977).

Because the timing of the issuance of the ticket remains in dispute, plaintiff has stated a claim for denial of due process with respect to the towing.  Thus, the Court will deny defendant's motion for summary judgment on that claim.

In the absence of argument on the subject, it is worth noting that Massachusetts courts have held that where a vehicle is "unregistered, uninsured, and had attached plates belonging to another vehicle", officers may impound and inventory the vehicle if there were "no practical available alternative[s]". Com. v. Daley, 672 N.E.2d 101, 103 (Mass. 1996).  The Court finds, however, that Daley and its progeny of cases are unpersuasive here.  First, those cases arose out of Fourth Amendment claims and thus the opinions never considered whether the Due Process rights of the subject criminal defendants were violated.  Moreover, in many of those cases, the drivers were either arrested or found to be without a valid license, thus leaving the officer with no practical alternative to towing. Cf. Com v. Figueroa, 592 N.E.2d 1309 (Mass. 1992) (driver was

arrested and had no valid license); <u>Daley</u>, 672 N.E.2d at 103

(both the driver and passenger lacked valid driver's licenses).

Because plaintiff had a valid license at the time of the stop,

there was an alternative to towing and thus, the cited

Massachusetts cases are inapposite.

### 4. Substantive Due Process (Medical Care)

Plaintiff argues that Booth failed to provide medical care

while he was having a heart attack to which defendant responds

that, absent being in custody or incarcerated, a constitutional

claim for failure to provide medical treatment does not exist.

The Eighth Amendment, which proscribes cruel and unusual

punishment (such as the failure to provide medical care),

applies after a formal adjudication of guilt and is thus not

applicable here, where plaintiff was not imprisoned or even

detained. <u>City of Revere</u> v. <u>Massachusetts Gen. Hosp.</u>, 463 U.S.

239, 243-44 (1983).

> The Due Process Clause does, however, require the
>
> responsible government or governmental agency to
> provide medical care to persons . . . who have been injured
> while being apprehended by the police.

<u>Id.</u>  While the Supreme Court has declined to define the contours

of that due process right, it held that 1) officers have a due

process obligation to "other persons in [their] care who

require medical attention" and 2) the constitutional obligation

is satisfied if the injured individual is taken "promptly to a

hospital" that ultimately provides the necessary treatment.  Id. at 244-45.

Here, plaintiff has alleged that prior to the vehicle stop, he was on his way to the hospital and that during the encounter, he was short of breath and having a heart attack.  Despite plaintiff's purported medical condition, Booth impounded the vehicle and did not transport plaintiff to the hospital.  In fact, contrary to plaintiff's request to be taken to the hospital, the tow truck driver dropped him off at a nearby gas station where plaintiff called an ambulance.  Viewing the record in favor of the nonmoving party, the Court will deny Booth's motion for summary judgment with respect to the medical care claim because, in seizing plaintiff and his property, Booth is alleged to have failed to provide medical attention to an individual who was "in [his] care" during the stop.

### 5. Qualified Immunity

Defendant contends that he is entitled to qualified immunity, which protects government officials from trial and monetary liability unless the pleaded facts establish that 1) the official violated a statutory or constitutional right and 2) the right was "clearly established" at the time of the challenged conduct.  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011).  If the facts do not show a constitutional violation or that the right in question was not clearly established, the

officer is immune. <u>Marrero-Mendez</u> v. <u>Calixto-Rodriguez</u>, 830 F.3d 38, 43 (1st Cir. 2016).

The Court concludes that plaintiff has alleged facts sufficient to support a Due Process claim with respect to the lack of medical care and the towing of the vehicle.  Under the second prong of the analysis, the rights in question are "clearly established" when

> [t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.

<u>Id.</u> at 45.

Here, the United States Supreme Court has made clear that individuals have fundamental Due Process rights with respect to their property and medical care.  Thus, it was unreasonable for Booth to leave Harper without an option to get to the hospital after Harper told him he was suffering from a serious medical condition.  With respect to the towing, the facts as to notice are not evident in the record and thus the Court reserves its finding on qualified immunity as applied to that claim.

## <u>ORDER</u>

For the foregoing reasons, defendant's motion for summary judgment (Docket No. 56) is **DENIED**.


**So ordered.**

_/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated May 23, 2019